**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TYRONE PRATOR, | ) | |
| | ) | |
| Petitioner, | ) | 2:12-cv-0081-GMN-VCF |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| GREG COX, *et al.*, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Tyrone Prator has submitted a petition for a writ of habeas corpus which indicates that his state court proceedings are still incomplete, but that seeks this Court's review of his claims because the extreme delay in the state court has rendered the proceedings therein ineffective within the meaning of 28 U.S.C. § 2254(b)(1)(B)(ii).

Petitioner asserts that his state court proceedings have been pending before the state court and delayed since March 5, 2007. Extraordinary delay in the state appellate process may excuse the petitioner's failure to exhaust state remedies. *Phillips v. Vasquez,* 56 F.3d 1030, 1036 (9th Cir. 1995). This Court may excuse exhaustion for such excessive dely where the delay prevents the petitioner's constitutional claims from being heard. *Id.* at 1045-36; *see also Coe v. Thurman,* 922 F.2d 528, 530-31 (9th Cir. 1009).

Based upon the history presented in this petition, the Court will order the petition filed and will direct respondents to show cause why exhaustion should not be excused in this instance.

**IT IS THEREFORE ORDERED** that Clerk shall detach and file the petition, which shall be **electronically served upon respondents.**

**IT IS FURTHER ORDERED** that respondents shall have forty-five (45) days to show cause why exhaustion of the claims presented in the post-conviction petition should not be excused for undue delay in the state courts. Thereafter, petitioner shall have thirty days to respond and respondents shall have fifteen days to reply.

Dated this 19th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge