**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

TYRONE PRATOR,

           Petitioner,           2:12-cv-0081-GMN-VCF

vs.

                                      ORDER

GREG COX, *et al.*,

           Respondent.

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's sole claim raised is that the state has violated his due process rights through its failure to review and decide his state post-conviction petition, which has been pending for over four years. ECF No. 7. The Court has directed the parties to brief the issue of whether petitioner should be excused from exhausting his state court remedies. The briefs have been submitted. *See* ECF No. 18 and 20.

**I.     Procedural History**

      **A.**    <u>State Court Proceedings</u>

Petitioner was convicted in the Eighth Judicial District Court in Clark County, Nevada on March 30, 2005. Exhibit 1.[1] Petitioner was sentenced to two consecutive terms of 34 to 144 months in prison, along with shorter concurrent terms. *Id*. His direct appeal was completed with an order of affirmance on February 23, 2006. Exhibit 2. Petitioner then filed a post-conviction petition with the state court on March 5, 2007, claiming ineffective assistance of counsel. Exhibit 3. The state opposed the petition on May 8, 2007. Exhibit 4.

---

[1] The exhibits referenced in this order were submitted by respondents in support of their response to the Court's Order to Show Cause related to the delay in state court post-conviction proceedings.

By June 18, 2007, Gregory Denue had been appointed as counsel and his appearance had been confirmed. Exhibits 5-8. A briefing schedule was set by the state court. Exhibit 7. After six months, Mr. Denue withdrew as counsel because of a conflict and Patricia Erickson was appointed. Exhibit 12. On February 3, 2008, Ms. Erickson confirmed as counsel. Exhibit 13. Meanwhile, it had become apparent that the whereabouts of petitioner's trial counsel's file could not be established. Exhibits 7, 9, 10, 12, 15 and 16. It was determined that the file could not be located and Ms. Erickson was directed to recreate the file from the court's and district attorney's files. Exhibit 17. This process took two months and on June 11, 2008, Ms. Erickson advised the court that she had "recreated everything, but had requested discovery from State a month ago and ha[d] not heard back." Exhibit 18. It was not until July 23, 2008, that Ms. Erickson informed the court that the file was complete and she requested until December 29, 2008 to prepare an amended or supplemental petition. Exhibit 20.

Thereafter, Ms. Erickson and the State stipulated to extensions of time to file the amended petition until August 31, 2009 (exhibit 22), until July 1, 2010 (exhibit 24), until January 10, 2011 (exhibit 26), until December 5, 2011 (exhibit 30), until March 31, 2012 (exhibit 31), and then until December 17, 2012 (exhibit 33). As of this date, no amended or supplemental petition is on file with the state court and respondents inform that Ms. Erickson has moved to withdraw as counsel from the state court proceedings based upon petitioner's petition to this Court and the assertions made against her and the State as to their actions in the delay. *See* Response to Order to Show Cause (ECF No. 18), p. 4; *see also* Exhibit 34. Other than granting counsel's motion to withdraw and setting the matter for appointment and confirmation of a replacement attorney, the state court has taken no steps to move the matter forward.

Petitioner has apparently been unable to obtain the assistance of his court-appointed counsel in preparing an amended or supplemental petition for his state post-conviction proceedings. He has, however attempted to move the matter forward on his own through the filing of a pro se supplemental petition filed March 2011 (exhibit 29) and through a January 2012 post-conviction petition (exhibit A to exhibit 34) which asserts the same claim currently before this Court: a denial of due

process in his state court proceedings because of the undue delay in bringing the matter to the court for review and decision.[2]

## II.     Discussion

Petitioner brings a § 2254 petition which claims his due process rights have been violated through the undue delay in his state court proceedings and because his case has been statistically closed by the state court without the entry of findings of fact and conclusions of law as required by Nevada Revised Statutes 34.720 and 34.830.  He requests that the federal court excuse exhaustion of his claims in state court and grant him release from prison based on his continuing claim of not guilty.

### A.     Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[3]  Whether or not exhaustion should be excused because "circumstances exist that render such [state court] processes ineffective to protect the rights of the applicant" is the issue before the Court.  28 U.S.C. § 2254(b)(B)(ii).

The exhaustion requirement is not jurisdictional, but rather a matter of comity between the states and the federal government.  *Rose v. Lundy,* 455 U.S. 509, 515 (102 S.Ct. 1198 (1982); *See Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing

---

[2] It is the allegations in this petition which are the bases for Ms. Erickson's motion to withdraw.

[3] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights"). However, the concerns of comity may be overridden where the state court proceedings are so ineffective or rife with delay as to deny the petitioner the constitutional protections of due process, a cornerstone of our criminal justice system. *See e.g., Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830 (1985).

Petitioner alleges that his right to due process have been violated as a result of the over four year delay in the collateral review of his conviction and because the case has been statistically closed without the entry of findings and conclusions as to the merits of petitioner's claims.[4] Because it appeared that petitioner's rights to due process may have been compromised by the delay in his state court post-conviction proceedings, the Court issued an order to show cause why exhaustion of the state court remedies should not be excused under the provisions of 28 U.S.C. § 2254(b).

In response to the Court's Order, the respondents argue that the statistical closing of petitioner's case is of no moment, but merely an administrative action taken to clear the books of cases with "a period of inactivity not caused by the state district court. . . ." Response (ECF No. 18), p. 5. They argue that despite this statistical closure, the federal petition should be dismissed because the state court is still accepting filings in the matter and has held hearings on counsel's motion to withdraw. Respondents suggest that petitioner "appears to want the federal court to release him based on the alleged violation of his due process rights" after the state court closed his case and did not allow him to exhaust his claims.

Petitioner's reply argues for removal of the state court proceedings to the federal court based on 28 U.S.C. § 1443 and asks this Court to maintain jurisdiction over the matter because the state and his court-appointed counsel have colluded - through their numerous stipulations for extensions of time and continuances of the matter - to violate his due process rights to a speedy review of his state court conviction. He further argues that his counsel's "strategy" to allow him to sit in prison until he

---

[4] As noted in the procedural history, petitioner commenced his state court post-conviction review by filing a pro se petition on March 5, 2007. Petition (ECF No. 7), p. 3B. As of this date, despite being appointed counsel within two months of the filing of his petition, no amended or supplemental petition has been filed by petitioner's court-appointed counsel.

had served most of his time so that the state might agree to modify his sentence is legally untenable under Nevada law.

In December, 1990, the Ninth Circuit Court of Appeals entertained an appeal from the federal district court's denial of a § 2254 habeas petition which alleged a due process violation arising through the excessive delay in state court appellate proceedings. *See Coe v. Thurman,* 922 F.2d 528 (9th Cir. 1990). The petitioner sought the opportunity to bring his claims directly to the federal court rather than await the long delayed decision from the state courts. In determining whether petitioner had suffered a due process violation because he had been delayed for over four years awaiting resolution of his sentencing appeal, the Circuit concluded that undue delay in appellate proceedings may violate due process and applied the four factor test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182 (1972) to make that determination. *Baker* requires an examination of (1) the length of the delay; (2) the reason for the delay; (3) the petitioner's assertion of his right; and (4) prejudice to petitioner. *Coe v. Thurman,* 922 F.3d at 530-532; citing *Barker*, 407 U.S. at 530, 92 S.Ct. At 2192..

Relying on an unpublished Central District of California case, respondents contend that the holding of *Coe v. Thurman,* 922 F.2d 528 (9th Cir. 1990), a pre-AEDPA case, is inapplicable to the instant matter because that case addressed undue delay in appellate proceedings. *See* Response to Order to Show Cause (ECF No. 18), p. 7, citing *Hill v. Chappell,* 2012 WL 2340875 (C.D. Cal., June 19, 2012). *Hill,* an appeal of a decision on the merits of the petitioner's habeas claims, found that since there was no United States Supreme Court case holding that a petitioner is entitled to speedy review on collateral proceedings, no relief was available from the federal court when such relief had been denied by the state courts. Respondents also argue that, because petitioner cites to no Ninth Circuit authority which holds that excessive delay in *state habeas proceedings* eliminates the exhaustion requirement, the petition should be dismissed.

Respondents' reliance on *Hill v. Chappell, supra.,* is misplaced and the case is readily distinguishable from the one before this Court. First, the court in *Hill* was bound by 28 § 2254(d)(1) because it was a decision on the merits of the petitioner's previously exhausted claims, one of which was

an allegation that the undue delay in state post-conviction review violated due process. Here, the issue of a violation of due process arises before exhaustion and a decision on the merits of the claims. Because there has been no decision on the merits of petitioner's claims in the state court 28 U.S.C. § 2254(d) is inapplicable and, thus, there is no required comparison of any state court decision to United States Supreme Court precedent. Rather, it is because, after four years, there has been no decision made on the claims contained in his post-conviction petition, that petitioner comes to this Court for intervention.

Second, while the Ninth Circuit has not specifically held that the right to speedy trial also applies in collateral review of a criminal proceedings, the court has been willing to extend the right from a speedy trial to a speedy appeal. *See Coe,* 922 F. 2d at 530; *United States v. Antoine,* 906 F.3d 1379, 1382 (9th Cir. 1990). Moreover, the Ninth Circuit is not alone in this extension of *Barker. See e.g., Burkett v. Cunningham,* 826 F.2d 1208, 1221 (3rd Cir. 1987); *DeLancey v. Caldwell,* 741 F.2d 1246, 1247 (10th Cir. 1984); *Rheuark v. Shaw,* 628 F.2d 297, 302 (5th Cir. 1980), *cert. denied sub nom. Rheuark v. Dallas County,* 450 U.S. 931, 101 S.Ct. 1392 (1981). Thus, *Hill* and its reasoning is inapposite to this issues presnted.

Respondents also argue that, should this Court apply *Coe*, the petition should still be dismissed because petitioner has not demonstrated that his due process rights have been violated or that the state court proceedings have been ineffective in addressing his claims. To determine whether this argument holds sway, the Court must apply the four-part test of *Barker,* as did the Circuit Court in *Coe.*

    a.    <u>Length of Delay</u>

Petitioner has been waiting for over four years to have his claims of ineffective assistance of counsel claims reviewed by the state courts. The Ninth Circuit in *Coe* determined that this length of delay was sufficient to raise concerns as to whether circumstances exist which render the state's corrective processes ineffective. Respondents suggest that the length of the delay should be calculated from March 25, 2011, when petitioner, in an effort to move his case forward, filed a proper person supplemental petition raising new grounds for relief. This argument makes no sense to the Court. It is

the total amount of time the case ha been pending before the state court that is significant to these proceedings.

        b.      <u>Reason for Delay</u>

Petitioner filed his Proper person state post-conviction petition on March 5, 2007. Exhibit 3. He raised two claims of ineffective assistance of appellate counsel and a claim that he should be entitled to an evidentiary hearing in the post-conviction proceedings. *Id.* After an opposition by the State, the court conducted a hearing on May 14, 2007, and appointed counsel, Greg Denue, to assist the petitioner.[5] Exhibit 5. Thereafter, issues related to the whereabouts of trial counsel's file delayed the proceedings for another six months, at which time Mr. Denue "advised" the court on January 30, 2008, that he still had not obtained the file and that there was a conflict in his representation of the petitioner. Exhibit 12.  Thus, almost ten months expired and no action had been taken on preparing an amended petition and new counsel, Ms. Patricia Erickson, was appointed with the need to recreate the trial file. *Id.*

After an additional seven months, Ms. Erickson advised the court that she had recreated the file and asked for a briefing schedule for the preparation and filing of an amended petition. Exhibit 20. Ms. Erickson indicated that she could file an amended petition by December 29, 2008. *Id.* Thereafter, as noted in the procedural history, counsel and the State stipulated to continuance after continuance, despite petitioner's objections thereto. *See* Exhibits 22, 24, 26, 30, 31, 33, and 32.

Respondents argue that the actions of petitioner's counsel cannot be attributed to ineffective state process, pointing to counsel's letter of December 27, 2011, wherein Ms. Erickson provided petitioner with an explanation of her strategy of delay. Exhibit 32. Counsel indicated that she hoped that the State may be receptive to modifying the petitioner's sentence after he had "served a significant portion of his sentence" where there are issues that "might result in the district court or the Nevada Supreme Court finding trial and/or appellate counsel to be ineffective," *Id*. However, because

---

[5] There is no evidence in the record and no argument from respondents that petitioner requested the appointment of counsel.

petitioner did not request the appointment of counsel and because he did not support counsel's strategy or her continuing delays, such attribution would be unjust.[6]

The delay in the proceedings is attributable to petitioner's court appointed counsel and the State, who stipulated together to delay the filing of the amended petition. "[F]ailures of court-appointed counsel and delays by the court are attributable to the state. *Coe,* 922 F.2d at 531; *citing Barker,* 407 U.S. at 531, 92 S.Ct. at 2192; *see also Wheeler v. Kelly,* 639 S.Supp. 1374 (E.D.N.Y. 1986); *Simmons v. Reynolds,* 898 F.2d 865 (2d Cir. 1990); *Brooks v. Jones,* 875 F.2d 30 (2d Cir. 1989). It is also of note that the United States Supreme Court has recently acknowledged that post-conviction counsel can be "ineffective" for purposes of cause to overcome a procedural default, if under State law such proceedings are the first instance where a petitioner can present his ineffective assistance claims. *See Martinez v. Ryan,* ___ U.S. ___, 132 S.Ct. 1309 (2012). Such a holding supports the proposition that a petitioner may not be held responsible for his post-conviction counsel's failures to prosecute his claims effectively, as is the case here. Thus, the reason for the delay in this instance shall be attributed to the State, where petitioner has been represented by court-appointed counsel throughout his criminal proceedings and the appointed counsel failed to properly preserve his trial file, failed to pursue and collect that file, delayed in advising the court of a conflict of interest and then failed to timely prepare and file an amended petition on a mistaken and ill-informed legal theory.

        c.        <u>Petitioner's Assertion of His Rights</u>

The record demonstrates that petitioner was not supportive of his court-appointed counsel's delays. He timely filed his original petition. Exhibit 3. He apparently contacted counsel through the mail and by telephone to question her delays and to encourage her to move the litigation forward. Exhibit 32. He attempted to present the court with a supplemental petition when his counsel had failed to do so. Exhibit 29. Finally, he filed the instant petition with this Court when the state court

---

[6] Respondents also argue that petitioner did not object to his counsel's continuances. However, a review of exhibits 29 (Supplement to Writ) and 32 (Erickson's letter which acknowledges petitioner's letters and messages, and his desire to move the habeas litigation forward) evidence that petitioner did not support the long delays.

1  proceedings were statistically closed without the entry of any findings and order to evidence a review
2  and exhaustion of his claims.
3        This Court finds that there is sufficient evidence to show that petitioner diligently pursued
4  his rights despite the obstacles placed before him.
5        d.    Prejudice to Petitioner
6        Finally, the Court must consider whether petitioner suffered prejudice as a result of the
7  delay in his state court proceedings. In *Barker*, the United States Supreme Court formulated a list of
8  three factors to look at when determining prejudice for the loss of a speedy trial: 1) oppressive pretrial
9  incarceration; 2) anxiety and concern of the accused; and 3) the possibility that the defense will be
10 impaired. It emphasized that the last factor is the most significant. *Id.* 407 U.S. at 532, 92 S.Ct. at 2193.
11 The *Coe* court applied a slight alteration to those factors for delayed appellate cases, considering the:
12 1) oppressive incarceration pending appeal; 2) anxiety and concern of the convicted party awaiting the
13 outcome of the appeal; and 3) impairment of the convicted person's grounds for appeal or of the viability
14 of his defense in case of retrial. *Coe*, 922 F.2d at 532, *citing U.S. v. Antoine,* 906 F.2d 1379 1382 (1990)
15 (using formulation of *Rheuark v. Shaw*, 628 F.2d 297, 303 n. 8(5th Cir. 1980).).
16       First, the oppressive nature of petitioner's incarceration, particularly if he were to succeed
17 in his post-conviction review, is extreme.  Petitioner attests that he has already served over 70 percent
18 of his sentence. ECF No. 7, p. 3B.  He has been in prison since his conviction in 2005.  If he is illegally
19 incarcerated, he has lost over seven years of freedom.
20       Second, petitioner has undoubtedly experienced a high level of anxiety and concern while
21 awaiting the outcome of his state proceedings, as would any individual with a stalled petition and no
22 recourse to bring it forward.  Third and last, if petitioner is required to wait for his state proceedings to
23 conclude; proceedings that have yet to be assigned a working counsel, have yet to obtain a fully
24 researched and properly prepared petition, and have no responsive pleadings or evidentiary hearings on
25 record, to say nothing of the requisite appeal to the Nevada Supreme Court, he could easily wait another
26 two to three years to exhaust his state court remedies - time enough for petitioner to have expired his

sentence or at least to have obtained parole. Moreover, the passage of some seven or eight years after trial would surely prejudice the defense in any retrial.

### III. Conclusion

Petitioner has met all four factors of the *Barker* test to establish that he has suffered a violation of his due process rights as a result of the delay in his state court proceedings. He, therefore, has clearly established that circumstances exist which render the state court proceedings ineffective to protect his rights. Pursuant to 28 U.S.C. § 2254(b)(B)(ii), the Court finds that petitioner shall not be required to further attempt to exhaust his state court remedies. He shall be given the opportunity to file an amended petition in these proceedings to present all claims he may have related to the constitutionality of his state court conviction. The State shall thereafter answer those claims

**IT IS THEREFORE ORDERED** that petitioner shall have forty-five (45) days from entry of this order to prepare and file an amended § 2254 petition setting forth all claims he may have related to the constitutionality of his state court proceedings. The Clerk shall send to petitioner a copy of the form and instructions for filing a section 2254 petition.

**IT IS FURTHER ORDERED** that respondents shall have sixty (60) days to file their Answer to the petition wherein respondents shall address the merits of each claim. Respondents may also assert in the Answer any affirmative defenses that they may have, save and except, any argument related to exhaustion of state court remedies.

**IT IS SO ORDERED**.

**DATED** this 2nd day of August, 2012.

_____
Gloria M. Navarro
United States District Judge