1

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

3

4

5

6

7

8

TYRONE PRATOR,                                )
                                             )
                          Petitioner,         )          2:12-cv-0081-GMN-VCF
                                             )
vs.                                          )
                                             )          ORDER
GREG COX, *et al.*,                           )
                                             )
                          Respondent.         )
_____ )

9        Petitioner Tyrone Prator submitted a petition for a writ of habeas corpus and, based on the

10   arguments of the parties, the Court determined that petitioner's attempts to exhaust his state court

11   remedies were futile.  Respondents have now moved to dismiss the amended petition (ECF No. 27) on

12   the viability of his claims.  Petitioner filed a motion for summary judgment (ECF No. 30) arguing the

13   merits of his claims.  Respondents opposed the motion for summary judgment on procedural grounds

14   (ECF No. 32).  Although sufficient time has passed to permit additional briefing by petitioner or

15   respondents, none has been filed.  Thus, the motions shall be considered in their current posture.

16   I.      Procedural History

17        After almost a year of attempting to negotiation a plea agreement, petitioner was convicted after

18   a jury trial on charges of attempted murder with the use of a deadly weapon and ex-felon in possession

19   of a firearm.  Exs. K and L.[1] He was found not guilty of other charges related to discharging a firearm

20   from a vehicle and into a structure.  *Id.*  Petitioner was sentenced to 34-144 months on the attempted

21   murder conviction, with an identical consecutive term for the use of a deadly weapon enhancement.  Ex.

22   1. He was also sentenced to a concurrent term of 12-48 months on the ex-felon in possession of a firearm

23   conviction.  *Id.*   The judgment of conviction was entered on March 30, 2005. *Id.*

24

25

26

27

---

[1] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss and are found in the Court's docket at entry number 28.  These exhibits are identified alphabetically. Other exhibits were offered by respondents in support of the state's response to the Court's early Order to Show Cause and are found at entry number 19.   These exhibits are identified numerically.  Other exhibits were provided by petitioner in support of his original petition.  Those exhibits were not individually labeled.  If reference is made to those exhibits, they will be identified as Original Petition Exhibits.

1        Petitioner's direct appeal was affirmed by the Nevada Supreme Court on February 23, 2006. Ex.

2   R.  A post-conviction action was commenced on March 5, 2007.  Ex. 3.  Petitioner was appointed

3   counsel and time passed while counsel attempted to reconstruct the lost criminal file.  *See generally,*

4   Original Petition Exhibits (ECF No. 1-1).  Thereafter, new counsel substituted in and continuances on

5   filing the amended state petition were stipulated to up to approximately July 23, 2012, when another

6   attorney substituted in to represent petitioner in his state post-conviction proceedings.  Exs. T and U.

7   As of January 16, 2013, that matter has been "statistically closed" pending the outcome of these

8   proceedings.[2]

9        In the interim, petitioner commenced these federal habeas proceedings on January 17, 2012,

10   arguing that his attempts to exhaust his state court remedies had proved futile.  ECF No. 1.  An amended

11   petition was filed on October 1, 2012, after the Court considered petitioner's arguments as to the futility

12   of exhausting his state remedies.  ECF Nos. 21 and 24.  The Amended Petition raises three ground for

13   relief.

14       Ground one claims petitioner was denied his rights under the Sixth and Fourteenth Amendments

15   to the effective assistance of counsel and due process.  Petitioner contends that the post-conviction

16   counsel's multiple agreements to extend the filing deadlines for the amended state post-conviction

17   petition was improper collaboration and created a conflict of interest.

18       Ground two claims the denial of due process and effective assistance of counsel because of the

19   undue and extended delay of his state post-conviction proceedings and because "much of [petitioner's]

20   records has [sic] been lost and/or misplaced" prejudicing petitioner's ability to proceed with the merits

21   of his claims.

22       Ground three claims denial of due process and equal protection and effective assistance of

23   counsel where his case was statistically closed by the "prosecution" in collaboration with petitioner's

24   court appointed counsel.  The motion to dismiss followed.

25

26

      [2] This fact has been ascertained by reference to public records located in the Clark County, Nevada

27   District Court Register of Actions, case number 04C202731, Minutes of Proceedings of that date.

2

1   II.      Motion to Dismiss

2          Respondents move to dismiss the various claims in the amended petition as non-cognizable in

3   federal habeas and because petitioner fails to state a claim upon which relief can be granted.

4          A.      *Ineffective Assistance of Post-Conviction Counsel*

5          As respondents argue, the United States Supreme Court has never found a constitutional right

6   to the assistance of post-conviction counsel. *See e.g.,Pennsylvania v. Finley*, 481 U.S. 551, 555, 107

7   S.Ct. 1990 (1987);  *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437 (1974) (no right to counsel in

8   discretionary appeals and other applications for reivew); *Johnson v. Avery*, 393 U.S. 483, 488, 89 S.Ct.

9   747, 750 (1969); *but see Martinez v. Ryan,* 132 S.Ct. 1309 (2012) (finding exception where ineffective

10  initial collateral review counsel may provide excuse for procedural bar to claims).

11         Petitioner's claims are all based on the ineffective assistance of post-conviction counsel in

12  creating or facilitating the delay of almost six years in obtaining state review.  However, as noted above,

13  such claims will not provide a petitioner with federal habeas relief.  Therefore, petitioner's claims based

14  on the ineffectiveness post-conviction counsel are not viable and must be dismissed.

15         B.      *No Federal Habeas Review of Post-conviction Proceedings*

16         In addition, petitioner's claims all attack his state post-conviction proceedings rather than the

17  actual criminal proceedings which resulted in his conviction and sentence.  Federal habeas relief is only

18  available to state petitioner's where their conviction or sentence violates federal law or the constitution.

19  28 U.S.C. § 2254(a).  Thus errors in state post-conviction review are not grounds which this Court may

20  review.  Petitioner's attempts to obtain habeas relief on the bases of flaws or delay of his post-conviction

21  proceedings or counsel's ineffectiveness will not succeed.  The motion to dismiss will be granted.

22         C.      *Conslusory Claims*

23         Respondents also argue that petitioner's claims in grounds two and three are conclusory or fail

24  to state sufficient facts to support the claims.  For example, they argue that petitioner has failed, in

25  ground two, to identify what parts of his state court records are still missing and how those purportedly

26  missing records would actually prejudice his review process.  In ground three, petitioner alleges an equal

27  protection violation, but fails to provide any facts which support this allegation.  He merely asserts

3

1 "[t]hat the state through court appointed counsel Patricia Erickson in collaboration with the prosecution

2 statistically closed the petitioner's state criminal case violating his right to equal protection of the law."

3       Equal protection requires that the state appellate system be 'free of unreasoned distinctions,'

4 *Rinaldi v. Yeager*, 384 U.S. 305, 310, 86 S.Ct. 1497, 1500 (1966), and that indigents have an adequate

5 opportunity to present their claims fairly within the adversary system. *Griffin v. Illinois*, 351 U.S. 12,

6 23, 76 S.Ct. 858 (1956); *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774 (1963).  However, such

7 claims must be supported with facts.

8       Plaintiff has provided nothing to connect the dots which might outline an equal protection clause

9 in his circumstances.  His motion for summary judgment does not address these issues.  It is unclear

10 from the claims, as pled, how a statistical closing of his criminal proceedings treated petitioner

11 differently than others similarly situated or denied him the opportunity to continue to pursue his post-

12 conviction relief. Conclusory allegations are insufficient to obtain federal habeas relief. *Jones v. Gomez*,

13 66 F.3d 199, 205 (9th Cir. 1995), *cert. denied*, 517 U.S. 1143 (1996); *see also Jones v. Gomez*, 66 F.3d

14 199, 205 (9th Cir. 1995), *cert. denied*, 517 U.S. 1143 (1996).

15 III.    <u>Motion for Summary Judgment</u>

16       Petitioner has failed to oppose or rebut the respondents' arguments for dismissal.  Rather he has

17 filed a motion for summary judgment which merely recounts the procedural history and argues the merits

18 of his claims.

19       Summary judgment is a procedural device available for prompt and expeditious disposition of

20 controversy *without trial* when there is no dispute as to material fact.  "[T]he writ of habeas corpus is

21 not a proceeding in the original criminal prosecution but an independent civil suit." *Riddle v. Dyche*, 262

22 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See, e.g. Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14, 112

23 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting).  Modern habeas corpus procedure has the same

24 function as an ordinary appeal. *Anderson v. Butler*, 886 F.2d 111, 113 (5th Cir. 1989); *O'Neal v.*

25 *McAnnich*, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus

26 proceedings is to "review errors in state criminal trials"(emphasis omitted)).  In a habeas proceeding,

27 petitioner does not proceed to "trial."  For all practical purposes, summary judgment is equivalent to the

1   Court's making a determination on the merits of a habeas petition.  The Court has determined that

2   dismissal of the amended petition is necessary because the claims raised are not cognizable in federal

3   habeas or fail to adequately state a claim for relief.  Therefore, the merits of the claims will not be

4   considered and summary judgment is not proper at this point or in these proceedings.

5   IV.      Conclusion - Certificate of Appealability

6          In his amended petition, petitioner has raised claims that cannot be addressed in these federal

7   habeas proceedings and which must be dismissed as conclusory and without proper factual support.

8   Based on this conclusion, the Court also will not issue a certificate of appealability.  The claims raised

9   in the petition are not claims as would be debatable among jurists of reason. *Slack v. McDaniel*, 529

10  U.S. 473, 484 (2000).

11         **IT IS THEREFORE ORDERED** that Motion to Dismiss (ECF No. 27) is **GRANTED.**   The

12  Amended Petition is **DISMISSED WITH PREJUDICE**.

13         **IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 30) is

14  **DENIED.**

15         **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

16         The Clerk shall enter judgment accordingly.

17         DATED this 22nd day of August, 2013.

18

19  _____

20  Gloria M. Navarro
    United States District Judge

21

22

23

24

25

26

27

5